IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Jerome H. McDaniel, #166436, | ) | C/A No.: 1:09-1348-MBS-SVH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Warden Michael McCall, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner Jerome H. McDaniel filed this pro se petition for a writ of habeas corpus

pursuant to 28 U.S.C. § 2254. This matter is before the court pursuant to 28 U.S.C. §

636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on

Respondent's motion for summary judgment and return. [Entry ##22, 23]. Pursuant to

*Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Petitioner of the

summary judgment and dismissal procedures and the possible consequences if he failed to

respond adequately to Respondent's motion. [Entry #28]. Petitioner filed a response in

opposition to Respondent's motion. [Entry #33]. Having carefully considered the parties'

submissions and the record in this case, the court finds that Respondent's motion for

summary judgment should be granted.

I.      Procedural Background

In June 1993, Petitioner was indicted for first degree burglary, assault and battery

of a high and aggravated nature (ABHAN), strong arm robbery, kidnapping, and first

degree criminal sexual conduct. App. 1195–1204. In Petitioner's first trial on June 21–24,

1993, he was represented by Frank Draper and Bill Nettles of the Richland County Public

Defenders Office. Petitioner was convicted on all of charges and sentenced to ten years on the ABHAN conviction, ten years on the strong-armed robbery conviction, thirty years on the kidnapping conviction, thirty years on the first degree criminal sexual conduct conviction, and life on the first degree burglary conviction, all to be served consecutively. T. Tr. 688. Petitioner's convictions were reversed by the South Carolina Court of Appeals on August 21, 1995 in *State v. McDaniel*, 462 S.E.2d 882 (S.C. App. 1995).

In his second jury trial, on October 13–14, 1997, Petitioner was represented by Frank Draper and James Brown of the Richland County Public Defenders Office. App. 1–1065. Petitioner was convicted on all of the charges and sentenced to ten years on the ABHAN conviction, ten years on the strong-armed robbery conviction, thirty years on the kidnapping conviction, thirty years on the first degree criminal sexual conduct conviction, and thirty years on the first degree burglary conviction, all to be served consecutively. App. 826.

After the court denied his Motion for a New Trial on December 5, 1997, Petitioner timely-filed a Notice of Appeal on December 8, 1997. On appeal, Petitioner was represented by Daniel T. Stacey, Esquire, Chief Attorney for the South Carolina Office of Appellate Defense. Petitioner asserted two arguments: (1) that the court erred when it overruled the defense's motion pursuant to *Batson v. Kentucky*,[1] when the solicitor's proffered reason for striking a black juror was pretextual, thus requiring a new trial (App. 1210–12); and (2) that the court erred when it permitted the solicitor to argue on closing

---

[1] *Batson v. Kentucky*, 476 U.S. 79 (1986).

that the job of the defense lawyer is to muddy the waters, because this argument improperly disparaged the defense and was outside the record and the reasonable inferences to be drawn from it. App. 1213–16.

The South Carolina Court of Appeals affirmed Petitioner's convictions on February 8, 2000. App. 1250–53. On February 23, 2000, Petitioner filed a Petition for Rehearing, which the South Carolina Court of Appeals denied on April 28, 2000. The Remittitur issued on June 8, 2000.

Petitioner filed an application for post-conviction relief (PCR) on February 5, 2001, alleging violations of constitutional rights, prosecutorial misconduct/ineffective assistance of counsel, and abuse of judicial discretion. App. 1066–82. On April 27, 2005, the Honorable G. Thomas Cooper, Jr., Circuit Court Judge, held an evidentiary hearing at which Petitioner appeared and was represented by Tara Dawn Shurling, Esquire. App. 1087–42. The PCR court denied and dismissed Petitioner's PCR application with prejudice on November 9, 2007. App. 1176–87.

On March 6, 2008, Petitioner filed a pro se Rule 59(e) Motion to Alter or Amend Judgment, which the PCR court denied on March 17, 2008. Petitioner timely filed an Amended Notice of Appeal on March 28, 2008. App. 1192–94. On appeal, Petitioner was represented by Lanelle C. Durant, Esquire, Appellate Defender with the South Carolina Commission on Indigent Defense, Division of Appellate Defense. Petitioner's appeal was perfected with the filing of a *Johnson*[2] Petition for Writ of Certiorari, in which counsel

---

[2] *Johnson v. State*, 364 S.E.2d 201 (S.C. 1988) (applying the factors of *Anders v. California*, 386 U.S. 738 (1967), to post-conviction appeals). *Anders* requires that

argued the PCR court erred in failing to find trial counsel ineffective for not having allowed Petitioner to testify in his own behalf. Petitioner also filed a pro se brief.

The South Carolina Supreme Court denied the *Johnson* Petition for Writ of Certiorari in an Order filed January 8, 2009, and noted therein that the matter was before it on a petition for a writ of certiorari following the denial of Petitioner's PCR application. Petitioner's counsel asserted that the petition was without merit and requested permission to withdraw from further representation. After careful consideration of the entire record as required by *Johnson v. State*, 364 S.E.2d 201 (S.C. 1988), the Supreme Court denied the petition and granted counsel's request to withdraw. The Remittitur issued on January 26, 2009.

II.    Discussion

A.    Federal Habeas Issues

Petitioner raises the following issues in his federal petition for a writ of habeas corpus:

> **Ground One:** Appellate Counsel Violated Petitioner's 6th and 14th Amendment for Failing to Raise Issue that the Presiding judge Improperly Allowed Victim Impact Testimony
>
> **Ground Two:** Appellate Counsel Violated Petitioner's 6th and 14th Amendment for Failing to Raise Issue that Trial Judge Erred in Refusing to Allow Trial Counsel to Question a Witness Specifically about his Prior Federal Record

---

counsel who seeks to withdraw after finding the "case to be wholly frivolous" following a "conscientious examination" must submit a brief referencing anything in the record that arguably could support an appeal, furnish a copy of that brief to the defendant, and after providing the defendant with an opportunity to respond, the reviewing court must conduct a full examination of the proceedings to determine if further review is merited. *Anders*, 386 U.S. at 744.

**Ground Three:** Trial Counsel Violated Petitioner Due Process Right, 6th Amendment in that Counsel did not Require Petitioner's Presence During the Beginning Stage of Trial, Proposed Voir Dire

**Ground Four:** Trial Counsel was In Violation of Petitioner's 6th Amendment for not Adequately Advising Petitioner of Plea Offer

**Ground Five:** Trial Counsel Violated Petitioner's 6th and 14th Amendment for not Moving to Quash Kidnapping Indictment as being Overbroad for Failing to give Sufficient Notice of what Conduct Constituted Kidnapping

**Ground Six:** Trial Counsel violated Petitioner's 6th and 14th Amendment for Failing to Move to Quash the Search Warrant which was Secured More than 48 Hours after Petitioner's Arrest.

**Ground Seven:** Trial Counsel Violated Petitioner's 6th Amendment for Striking Two African-American members and one Hispanic Member from the Jury Pool, Depriving Petitioner of an Accurate Cross-Section of the Community.

**Ground Eight:** Trial Counsel was in Violation for Denying Petitioner his 6th Amendment Right to Present Favorable Testimony by Failing to Allow Petitioner to Testify in his Own Behalf.

**Ground Nine:** Trial Court was in Violation of Petitioner's 5th, 14th Amendment when it Permitted the Solicitor to Argue Improperly on Closing Toward Defense Counsel Representation

**Ground Ten:** Trial Court was in Violation of Petitioner's 14th Amendment when it Overruled the Defense's Motion Pursuant to "Batson" Violation where Solicitor's Proffered Reason for Striking a Black Juror was Pretextual

**Ground Eleven:** Trial Counsel was in Violation of Petitioner's 4th Amendment for Failing to Make Motion to Suppress Petitioner's Arrest Warrant Affidavit; Based on the Erroneous and Recklessly Bad Faith Exception

**Ground Twelve:** Trial Counsel Violated Petitioner Due Process Right, Failing to do a Factual Investigation in this Case to Examine the State's Evidence. 5th, 6th, 14th Amendment

**Ground Thirteen:** Trial Counsel Violated Petitioner's 5th and 14th Amendment when he Failed to Object to the Solicitor's Improper Argument on Closing where Solicitor Appealed to the Jury to Act as a "Conscience" for the "Community."

B.      Standard for Summary Judgment

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. *See* Fed. R. Civ. P. 56(e). Further, while the federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g., Cruz v. Beto*, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the

pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

    C.     Habeas Corpus Standard of Review

    1.     Generally

Because Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable application of the facts in light of the evidence presented at the state court proceeding. 28 U.S.C. § 2254(d)(1)(2); *see Williams v. Taylor*, 529 U.S. 362, 398 (2000). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*. at 410. Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

2. Procedural Bar

Federal law establishes this court's jurisdiction over habeas corpus petitions. 28 U.S.C. § 2254 ("Section 2254"). This statute permits relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States[,]" and requires that a petitioner present his claim to the state's highest court with authority to decide the issue before the federal court will consider the claim. *Id.* The separate but related theories of exhaustion and procedural bypass operate in a similar manner to require a habeas petitioner to first submit his claims for relief to the state courts. A habeas corpus petition filed in this court before the petitioner has appropriately exhausted available state-court remedies or has otherwise bypassed seeking relief in the state courts will be dismissed absent unusual circumstances detailed below.

a. Exhaustion

Section 2254 contains the requirement of exhausting state-court remedies and provides as follows:

(b)   (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted unless it appears that—

(A)   the applicant has exhausted the remedies available in the courts of the State; or

(B)   (I) there is an absence of available State corrective process; or

(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

(2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

(3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.

(c)     An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254.

The statute requires that, before seeking habeas corpus relief, the petitioner first must exhaust his state court remedies. 28 U.S.C. § 2254(b)(1)(A). "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court." *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997). Thus, a federal court may consider only those issues that have been properly presented to the highest state courts with jurisdiction to decide them.

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction: (1) through a direct appeal, or (2) by filing an application for PCR. State law requires that all grounds be stated in the direct appeal or PCR application. Rule 203 SCACR; S.C. Code Ann. § 17-27-10, *et seq.*; S.C. Code Ann. § 17-27-90; *Blakeley v. Rabon*, 221 S.E.2d 767 (S.C. 1976). If the PCR court fails to address a claim as is required by S.C. Code Ann. § 17-27-80, counsel for the applicant must make a motion to alter or amend the judgment pursuant to Rule 59(e), SCRCP. Failure to do so will result in the application of a procedural bar by the South Carolina Supreme Court.

*Marlar v. State,* 653 S.E.2d 266 (S.C. 2007).[3] Furthermore, strict time deadlines govern direct appeal and the filing of a PCR in the South Carolina courts. A PCR must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45.

Furthermore, in filing a petition for habeas relief in the federal court, a petitioner may present only those issues that were presented to the South Carolina Supreme Court through direct appeal or through an appeal from the denial of the PCR application, regardless of whether the Supreme Court actually reached the merits of the claim. If any avenue of state relief is still available, the petitioner must proceed through the state courts before requesting a writ of habeas corpus in the federal courts. *Richardson v. Turner*, 716 F.2d 1059 (4th Cir. 1983)*; Patterson v. Leeke*, 556 F.2d 1168 (4th Cir. 1977).

b.     Procedural Bypass

Procedural bypass, sometimes referred to as procedural bar or procedural default,[4] is the doctrine applied when a petitioner who seeks habeas corpus relief as to an issue failed to raise that issue at the appropriate time in state court and has no further means of bringing that issue before the state courts. In such a situation, the person has bypassed his

---

[3]In *Bostick v. Stevenson*, 589 F.3d 160, 162–65 (4th Cir. 2009), the Fourth Circuit found that, prior to the Supreme Court of South Carolina's November 5, 2007 decision in *Marlar*, South Carolina courts had not uniformly and strictly enforcing the failure to file a motion pursuant to Rule 59(e), SCRCP, as a procedural bar. Accordingly, for matters in which there was a PCR ruling prior to November 5, 2007, the court will not consider any failure to raise issues pursuant to Rule 59(e) to effect a procedural bar.

[4]If a petitioner procedurally bypasses his state-court remedies, he is procedurally barred from raising them in federal court.

state remedies and, as such, is procedurally barred from raising the issue in his federal habeas petition. The United States Supreme Court has stated that the procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts. *See Smith v. Murray*, 477 U.S. 527, 533 (1986). Bypass can occur at any level of the state proceedings if a state has procedural rules that bar its courts from considering claims not raised in a timely fashion.

The South Carolina Supreme Court will refuse to consider claims raised in a second appeal that could have been raised at an earlier time. Further, if a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court. If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. As the Supreme Court explains:

> . . . [state procedural rules promote] not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

*Reed v. Ross*, 468 U.S. 1, 10–11 (1984).

However, if a federal habeas petitioner can show both (1) "'cause' for noncompliance with the state rule[,]" and (2) "'actual prejudice resulting from the alleged constitutional violation[,]'" the federal court may consider the claim. *Smith v. Murray*, 477 U.S. at 533 (*quoting Wainwright v. Sykes*, 433 U.S. 23, 84 (1977)). When a petitioner has failed to comply with state procedural requirements and cannot make the

required showing of cause and prejudice, the federal courts generally decline to hear the claim. *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

If a federal habeas petitioner has failed to raise a claim in state court and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts and in federal court. A federal court is barred from considering the filed claim (absent a showing of cause and actual prejudice). In such an instance, the exhaustion requirement is technically met and the rules of procedural bar apply. *See Matthews v. Evatt*, 105 F.3d at 915 (*citing Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991); *Teague v. Lane*, 489 U.S. 288, 297–98 (1989); *George v. Angelone*, 100 F.3d 353, 363 (4th Cir. 1996); *Bassette v. Thompson*, 915 F.2d 932, 937 (4th Cir. 1990)).

### 3. Cause and Actual Prejudice

Because the requirement of exhaustion is not jurisdictional, this court may consider claims that have not been presented to the South Carolina Supreme Court in limited circumstances in which a petitioner shows sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, *Coleman*, 501 U.S. at 750, or that a "fundamental miscarriage of justice" has occurred. *Murray*, 477 U.S. at 495–96. A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor which hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim. *Id.* Absent a showing of "cause," the court is not required to consider "actual prejudice." *Turner v. Jabe*, 58 F.3d 924 (4th Cir. 1995). However, if a petitioner demonstrates sufficient cause, he must

also show actual prejudice in order to excuse a default. *Murray*, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error.

    D.    Analysis

        1.    Procedurally-Barred Grounds

Procedural default is an affirmative defense which is waived if not raised by respondents. *Gray v. Netherland*, 518 U.S. 152, 165–66 (1996). It is Petitioner's burden to raise cause and prejudice or actual innocence. If not raised by Petitioner, the court need not consider the defaulted claim. *Kornahrens v. Evatt*, 66 F.3d 1350 (4th Cir. 1995).

Respondent contends that Petitioner has failed to properly exhaust all of his claims, except Grounds Nine and Ten, and that they are therefore procedurally-barred. With respect to Grounds Eleven, Twelve and Thirteen, the undersigned agrees. Ground Eleven alleges a constitutional violation by trial counsel's failure to make a motion to suppress Petitioner's arrest warrant affidavit. Ground Twelve alleges constitutional violations by trial counsel's failure to conduct a factual investigation to examine the State's evidence. Ground Thirteen alleges constitutional violations by trial counsel's failure to object to the Solicitor's closing argument concerning the jury acting as a "conscience" for the community. These are direct appeal issues that were not raised on direct appeal, at PCR or following denial of PCR. Therefore, to the extent that Grounds Eleven, Twelve and Thirteen were not fairly presented to the South Carolina appellate courts, they are procedurally-barred from federal habeas review absent a showing of cause and actual prejudice, or actual innocence. *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977); *Matthews v. Evatt*, 105 F.3d 907 (4th Cir. 1997); *Coleman*, 501 U.S. 722 (stating

that if an issue is not properly raised to the state's highest court and would be procedurally impossible to raise now, then it is procedurally barred from federal habeas review).

The existence of cause must ordinarily turn on whether the prisoner can show some objective factor external to the defense impeded counsel's or his efforts to comply with the State's procedural rule. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Petitioner fails to articulate cause for procedurally defaulting on his grounds. Petitioner had a direct appeal, a PCR hearing, and an appeal from the PCR in which to raise these issues and he failed to raise them, raise them properly, or preserve these issues for habeas review. Petitioner cannot establish cause and prejudice because he has consistently abandoned opportunities to preserve these specific issues.

In the alternative, Petitioner must show a miscarriage of justice. In order to demonstrate a miscarriage of justice, Petitioner must show he is actually innocent. Actual innocence is defined as factual innocence, not legal innocence. *Bousley v. United States*, 523 U.S. 614, 622 (1998). Petitioner cannot establish that the errors he complains of probably resulted in the conviction of an innocent person. *Sclup v. Delo*, 513 U.S. 298, 327 (1995). In order to pass through the actual-innocence gateway, a petitioner's case must be "truly extraordinary." *Id.* The court's review of the record does not support a showing of actual innocence. Both victims identified Petitioner as their attacker; Petitioner's semen was found in the rape victim. The victims' testimony was corroborated by witnesses who testified they heard one victim scream "He's got my sister" around the time of the kidnapping. One of the victims made several calls to 911 around the time of

the attack and kidnapping, and a law enforcement official testified that 911 received a call from the victims' apartment around the time of the assault and kidnapping.

In light of all of the evidence presented at trial, Petitioner cannot show actual innocence. Because Petitioner cannot establish actual innocence, the procedural bars apply to Grounds Eleven, Twelve, and Thirteen. Therefore, it is recommended that Respondent's motion for summary judgment be granted with respect to the issues raised under Grounds Eleven, Twelve, and Thirteen.

Respondent argues that Grounds One through Eight are procedurally barred even though they were raised in Petitioner's *Johnson* petition or pro se brief that were denied by the South Carolina Supreme Court. Respondent argues that an issue raised and rejected on appeal by a *Johnson* brief or an *Anders*[5] brief is insufficient for exhaustion purposes because it "is not on the merits," *citing State v. Lyles*, 673 S.E.2d 811 (S.C. 2009). This argument has been consistently rejected by the judges of this court. *See Goins v. Stevenson*, 08-3916-RBH, 2010 WL 922774 (D.S.C. March 9, 2010); *Mouzon v. Warden*, 09-2253-RBH, 2010 WL 1430464 (D.S.C. March 5, 2010); *Missouri v. Beckwith*, 08-2878-SB, 2009 WL 3233521 (D.S.C. Sept. 29, 2009); *Ehrhardt v. Cartledge*, 08-2266-CMC, 2009 WL 2366095 (D.S.C. July 30, 2009); *Singleton v. Eagleton*, 08-2539-RBH, 2009 WL 2252272 (D.S.C. July 28, 2009). Therefore, the court finds Petitioner has properly exhausted his claims in Grounds One through Ten, and they are addressed on their merits below.

---

[5] *Anders v. California*, 386 U.S. 738 (1967).

2. Merits Review of Grounds One through Ten

    a. Ground One: Appellate Counsel Violated Petitioner's 6th and 14th Amendment For Failing to Raise Issue that the Presiding Judge Improperly Allowed Victim Impact Testimony

In Ground One, Petitioner asserts that appellate counsel was ineffective for not arguing that the trial court abused its discretion to allow victim impact testimony to be introduced at trial regarding if and how the rape affected her. Petitioner asserts that the issue was preserved for appellate review, but was not raised by appellate counsel. The PCR court noted that counsel is not required to raise every non-frivolous issue that is presented on the record, but to choose among potential issues according to their merit. The PCR court noted that the presumption of effective assistance of counsel will be overcome only when the alleged ignored issues are clearly stronger than those actually raised on appeal. As a result, the PCR court found that the claim lacked merit. App. 1185–86.

The court's review of the record shows that Petitioner fails to demonstrate that the PCR court unreasonably applied federal law to this claim. Initially, Petitioner fails to establish appellate counsel was deficient in not challenging the victim impact testimony. "Trauma testimony of a rape victim is relevant to prove the elements of criminal sexual conduct since such evidence makes it more or less probable that the offense occurred. We further held such evidence admissible where its probative value outweighs its prejudicial effect." *State v. Alexander*, 401 S.E.2d 146 (S.C. 1991). The victim's testimony constituted trauma testimony, such that any appellate challenge to its admission would likely have been unsuccessful, assuming the proposed claim was sufficiently preserved

for appellate review. Further, Petitioner fails to establish that he was prejudiced by counsel's failure to raise this issue on appeal considering an appeal of this issue was unlikely to succeed. Therefore, Petitioner fails to show that the PCR court unreasonably applied federal law to this claim or that the PCR court's ruling was contrary to federal law or that the PCR court's decision was the result of an unreasonable determination of the facts. As a result, Ground One should be dismissed.

> b. Ground Two: Appellate counsel violated Petitioner's 6th and 14th amendment by failing to appeal trial judge's refusal to allow trial counsel to question a witness specifically about his prior federal record

In Ground Two, Petitioner asserts appellate counsel was ineffective for failing to appeal the trial court's exclusion of a State's witness's prior conviction for impeachment during cross examination. The victim's husband was in a federal pre-trial intervention program stemming from his participation in an illegal credit repair scheme. After hearing arguments, the trial court allowed defense counsel at trial to ask the victim's husband if it was true that he presented a false social security number and address in order to obtain financing on a car. App. 562–63. The victim's husband denied it, (App. 626), but after brief argument at sidebar, he confirmed in front of the jury that he had signed papers with a false social security number in order to obtain financing on a car (App. 633). Petitioner contends that his trial counsel should have been able to question the witness as to his prior federal record, and appellate counsel's failure to appeal this issue violated his constitutional rights.

The PCR court found this issue was without merit, noting that counsel is not required to raise every non-frivolous issue that is presented on the record, but to choose among potential issues according to their merit. App. 1185–86.

In the present case, a thorough review of the record by the undersigned results in the recommendation that Respondent's motion for summary judgment be granted on this ground. The PCR court found the claim lacked merit because Petitioner did not overcome the presumption of effective assistance of counsel by showing the issue was clearly stronger than those actually raised on appeal. *Id.* Counsel was allowed to ask about the conduct that led to the arrest. Petitioner failed to establish that this issue was stronger than either of the two issues that were raised by appellate counsel in his appellate brief and failed to establish that he was prejudiced by counsel not raising this issue on appeal. He has pointed to no cases that indicate such an appeal would have been successful had it been made. Thus, the PCR court did not unreasonably apply federal law when it found that Petitioner had not established this claim of ineffective assistance of counsel, or unreasonably determine the facts. Further, Petitioner has not shown that any evidence that may have been obtained would have made a difference to his case. The record supports the PCR judge's finding that the petitioner has not demonstrated that his attorney's performance actually prejudiced him. As the PCR court's rejection of the ineffective assistance of counsel ground for relief did not result in an unreasonable application of *Strickland* and was not based upon an unreasonable determination of facts in light of the state court record, this ground is without merit. No genuine issue of material fact has been shown in regard to this issue.

       c.     Ground Three: Trial counsel violated Petitioner's due process right, 6th Amendment in that counsel did not require Petitioner to be present during the beginning stage of trial, proposed voir dire

In Ground Three, Petitioner asserts that trial counsel violated his due process right by not requiring his presence during the beginning stages of voir dire. The PCR court treated this claim as an ineffective assistance of counsel claim and found there was no merit to it, as Petitioner was not present at the very beginning of the trial during a non-critical stage. App. 1180. Thus, Petitioner could not be subject to any prejudice as a result. *Id.* Further, the PCR court also found Petitioner presented no testimony or evidence of prejudice that arose from his absence during the preliminary stage of his trial. *Id.* As a result, the PCR court denied and dismissed this claim. *Id.*

Petitioner fails to show that the PCR court unreasonably applied federal law to this claim. The trial record reflects the trial court stating that it wanted to proceed with selecting a jury and then deal with pre-trial matters. App. 8. The court then stated that it was prepared to rule on the defense's proposed questions for voir dire, and asked if the State had any problem with the court's outline for scheduling. App. 8–9. The court then asked if counsel wanted Petitioner present for the discussion on the proposed voir dire, and counsel said that he did. App. 9. Petitioner was then brought into the courtroom. App. 10. The brief interval in which Petitioner was absent from the courtroom was not a critical stage of his trial.

The right of a defendant to be present at criminal proceedings is rooted in the confrontation clause of the Sixth amendment, the due process clause of the Fourteenth

amendment, and a common law right of presence. *United States v. Washington*, 705 F.2d 489, 496 (D.C. Cir. 1983). The right applies not only to the trial proceedings, but extends to all critical stages of the prosecution. *Kentucky v. Stincer*, 482 U.S. 730, 745 (1987); *see also United States v. McCoy*, 429 F.2d 739, 742 (D.C. Cir. 1970). In certain situations, "'[t]he presence of a defendant is a condition of due process to the extent that a fair and just hearing would be thwarted by his absence....' " *United States v. Gagnon*, 470 U.S. 522, 526 (1985) (*quoting Snyder v. Massachusetts*, 291 U.S. 97, 105–06 (1934)).

Petitioner fails to show that he was absent during a critical stage of the litigation. The record reflects Petitioner was not present for a very brief non-substantive discussion of scheduling before Petitioner was brought into court. Petitioner also fails to show that he was prejudiced as a result of not being present for the first few minutes of the pre-trial, as he testified at the PCR hearing that he left it to counsel to make all of the decisions during jury selection and that he did not want to participate in the jury selection process. App. 1106.

Petitioner fails to show that the PCR court made an unreasonable application of the law or determination of the facts in addressing this claim. Petitioner was only absent for a brief discussion between the trial court and the attorneys regarding the morning preliminary schedule. *See* App. 8–10. Further, Petitioner did not wish to participate in the jury selection process and left the jury selection decisions to his attorney, so Petitioner has not shown how his presence would have changed the outcome of his case. This ground is without merit.

      d.     Ground Four: Trial counsel was in violation of Petitioner's
               6th amendment for not adequately advising him of plea offer

In Ground Four, Petitioner asserts trial counsel was ineffective in not adequately advising him of a plea offer. Petitioner asserts that he was not advised that any sentence offered by the prosecution would not be eligible for parole.

The PCR court found the claim to be without merit, noting that counsel is not ineffective for failing to advise a defendant regarding parole eligibility because it is a collateral consequence of sentencing. App. 1181. Accordingly, counsel was not required to notify a defendant that his offenses are "no parole" offenses, requiring service of 85% of the sentence imposed and making him ineligible for parole. App. 1181–82. Thus, the PCR court found that trial counsel was not deficient in its delivery of the plea offer to Petitioner. App. 1182.

Petitioner fails to show that the PCR court unreasonably applied federal law to this claim. The time of eligibility for parole is a collateral consequence. *Strader v. Garrison*, 611 F.2d 61, 65 (4th Cir. 1979) ("Here, though parole eligibility dates are collateral consequences of the entry of a guilty plea of which a defendant need not be informed if he does not inquire, when he is grossly misinformed about it by his lawyer, and relies upon that misinformation, he is deprived of his constitutional right to counsel. When the erroneous advice induces the plea, permitting him to start over again is the imperative remedy for the constitutional deprivation."). "[N]o Supreme Court precedent establishes that parole ineligibility constitutes a direct, rather than a collateral, consequence of a guilty plea." *Bustos v. White*, 521 F.3d 321, 325 (4th Cir. 2008). Defense counsel's failure

"to ascertain and advise [his client] of the collateral consequences of a guilty plea" does not constitute ineffective assistance. *United States v. Yearwood*, 863 F.2d 6, 8 (4th Cir. 1988).

Petitioner failed to show that counsel improperly advised him of his parole eligibility had he chosen to plead guilty. During his testimony at the PCR hearing, Petitioner did not indicate whether counsel advised him of any parole issues related to the plea offer, (App. 1108), and therefore it was not unreasonable for the PCR court to find that Petitioner failed to show that trial counsel was deficient. Petitioner cannot establish the PCR court made an unreasonable application of the law or determination of the facts. Petitioner has failed to show that trial counsel was deficient in any manner with regard to the plea offer and, as stated above, he has failed to clearly shown that the PCR court's factual and credibility determinations were without support. *See Cagle v. Branker*, 520 F.3d 320, 324 (4th Cir. 2008) ("But for a federal habeas court to overturn a state court's credibility judgments, the state court's error must be stark and clear."). Accordingly, Petitioner cannot show that counsel's performance fell below an objective standard of reasonableness and cannot meet the standard enunciated under *Strickland*. *See Strickland*, 466 U.S. at 687. Therefore, Petitioner is not entitled to federal habeas relief on Ground Four.

e. Ground Five: Trial counsel violated Petitioner's 6th and 14th amendment for not moving to quash the kidnapping indictment as being overly broad for failing to give sufficient notice of conduct that constitutes kidnapping

In Ground Five, Petitioner asserts trial counsel was ineffective in not moving to quash the kidnapping indictment because he believes the language of the indictment was overbroad to put him on notice of the elements of kidnapping. The PCR court found there were no insufficiencies in Petitioner's indictment and that, as a result, counsel was not ineffective in failing to move to quash the indictment. App. 1183.

An indictment is sufficient if the offense is stated with sufficient certainty and particularity to enable the court to know what judgment to pronounce, and the defendant to know what he is called upon to answer and whether he may plead an acquittal or conviction thereon. The true test of the sufficiency of an indictment is not whether it could be made more definite and certain, but whether it contains the necessary elements of the offense intended to be charged and sufficiently apprises the defendant of what he must be prepared to meet. *Browning v. State*, 465 S.E.2d 358, 359 (S.C. 1995)(citations omitted)(overruled in part on other grounds by *State v. Gentry*, 610 S.E.2d 494 (S.C. 2005).

The indictment clearly provided Petitioner with sufficient notice of the kidnapping charge he faced, indicating both the time and place of the crime. *See* App. 1202. The language in the indictment mirrored that contained in the kidnapping statute. *See* App. 1202. S.C. Code Ann. § 16-3-910 states:

Whoever shall unlawfully seize, confine, inveigle, decoy, kidnap, abduct or carry away any other person by any means whatsoever without authority of

law, except when a minor is seized or taken by his parent, is guilty of a felony and, upon conviction, must be imprisoned for a period not to exceed thirty years unless sentenced for murder as provided in Section 16-3-20.

Petitioner cannot show that the kidnapping indictment was insufficient to provide him notice of the charge against him. "An indictment phrased substantially in the language of the statute which creates and defines the offense is ordinarily sufficient." *State v. Williams*, 552 S.E.2d 54, 58 (S.C. App. 2001). Because the indictment provided Petitioner with sufficient notice, counsel would not have had a reason to move to quash the indictment. As a result, Petitioner cannot establish that counsel was deficient in not moving to quash the indictment, or that he was prejudiced because such a motion would not have been successful. Petitioner has not established that the PCR court unreasonably applied federal law, nor shown that it made an unreasonable determination of the facts in addressing this claim. As a result, Ground Five should be dismissed.

        f.      **Ground Six: Trial counsel violated Petitioner's 6th and 14th Amendment for failing to move to quash the search warrant which was secured more than 48 hours after Petitioner's arrest.**

In Ground Six, Petitioner asserts trial counsel was ineffective in not moving to quash the search warrant used to obtain hair, blood, and saliva samples from him. The basis for his argument is that he was arrested on August 18, 1992, but was not served with the search warrant until August 26, 1992. The PCR court found that there was no merit to this claim. App. 1185. The PCR court noted that Petitioner failed to present any testimony or evidence to support his allegation that the search warrant was improper and

did not comply with *Schmerber v. California*, 384 U.S. 757 (1996), nor that he was prejudiced. App. 1185. As a result, that allegation was denied and dismissed. App. 1185.

At the PCR hearing, Petitioner presented no evidence to support this claim or to suggest that the warrant was not based upon probable cause. Petitioner's claim that the search warrant was improperly served more than forty-eight hours after his arrest is refuted by the record.  Petitioner was originally charged with ABHAN, armed robbery and first degree burglary, and he was arrested on those charges on August 18, 1992.  On August 27, the arrest warrant was issued for the criminal sexual conduct charge and he was subsequently served with that arrest warrant.  App. 921–22.  The search warrant for the blood, saliva, and hair was submitted on August 26 (App. 922), which was within forty-eight hours of the second arrest warrant.

Petitioner has failed to establish that trial counsel was deficient in not moving to quash the search warrant because he has not established a defect with the search warrant. The court's review of the record demonstrates that Petitioner has failed to establish that the PCR court unreasonably determined the facts or unreasonably applied federal law in addressing this claim.  Therefore, Ground Six should be dismissed.

> g.    Ground Seven: Trial counsel violated Petitioner's 6th Amendment for striking two African-American members and one Hispanic member from the jury pool, depriving Petitioner of an accurate cross-section of the community.

In Ground Seven, Petitioner asserts trial counsel was ineffective for striking two African-American potential jurors and one Hispanic potential juror during jury selection. Petitioner asserted that trial counsel acted in a discriminatory manner and he was

prejudiced as a result. The PCR court found these claims to be without merit, noting that petitioner testified that he did not want to participate in the jury selection process. App. 1181. The PCR court noted that trial counsel made a timely *Batson* motion regarding the racial make-up of some of the State's preemptory strikes, and found that Petitioner presented no evidence that the jury panel was not inclusive of a cross-representation of the community or otherwise unconstitutional in any form. *Id.*

Petitioner fails to show that the PCR court unreasonably applied federal law to this claim. First, as noted by the PCR court, Petitioner could not show counsel was ineffective because he did not establish that the jury selected did not reflect a cross-section of the community. No evidence or testimony regarding this issue was presented to the PCR court. Second, Petitioner fails to show that trial counsel was ineffective in striking those three jurors. The trial record indicates counsel had a sufficient, non-discriminatory basis for striking at least two of the jurors Petitioner complains of now: Juror Gonzalez testified that he worked with Dr. Catalano, who was listed as a potential witness in the case, (App. 36–38), and Juror Kershaw informed the court that his brother used to work for the City of Columbia Police Department and Sumter Count, and that he worked with law enforcement with SLED and DYS. App. 44–45. Furthermore, Petitioner fails to show that he was prejudiced by trial counsel's handling of jury selection. Petitioner presents no evidence that indicates the jury he received was biased in any way.

Because Petitioner fails to establish that trial counsel was ineffective in the handling of jury selection, he has not shown that the PCR court unreasonably applied federal law in addressing this claim. Petitioner also does not assert or present any

evidence that indicates that the PCR court made an unreasonable determination of the facts in addressing this claim. As a result, Ground Seven should be dismissed.

> h.  Ground Eight: Trial counsel was in violation for denying Petitioner his 6th Amendment right to present favorable testimony by failing to allow Petitioner to testify in his own behalf.

In Ground Eight, Petitioner asserts trial counsel was ineffective for not allowing Petitioner to testify on his own behalf. The PCR court found the claim to be without merit. App. 1184. At the PCR hearing, trial counsel testified that he talked with the petitioner about testifying at trial, and although Petitioner testified he expressed his desire to testify during the second trial, his trial counsel informed him that if he testified the solicitor would bring up Petitioner's prior convictions and also that "during the first trial, she [Solicitor Luck Campbell] got on me, you know, and he seen how it affected me." *Id.* The PCR court noted that counsel testified that it was his normal practice to advise clients of their rights to testify, but to discuss with them the potential risks involved with testifying or not testifying. App. 1185. The PCR court found counsel's testimony to be persuasive, that counsel's performance did not fall below any reasonable standard of performance, and therefore dismissed Petitioner's claim.

Petitioner fails to show that the PCR court made an unreasonable determination of the facts or application of the law in addressing this claim. The PCR court found that counsel offered a reasonable strategic reason for advising Petitioner not to testify. A presumption of reasonableness applies to counsel's performance, and the court's review

of counsel's strategic decisions is highly deferential. *Strickland v. Washington*, 466 U.S. 668, 689 (1984).

Petitioner's attempt to revisit the decision to testify garners no support from the Sixth Amendment. Advice provided by a trial counsel on whether his client should testify is "a paradigm of the type of tactical decision that cannot be challenged as evidence of ineffective assistance." *Hutchins v. Garrison*, 724, F.2d 1425, 1436 (4th Cir. 1983). Further, the petitioner offers nothing more than speculation that he might have been acquitted or convicted of a lesser offense if he had testified at trial. *Id.* "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable . . .." *Strickland*, 466 U.S. at 690.

The record supports the PCR court's determination that trial counsel made a reasonable tactical decision to advise Petitioner not to testify after reviewing and weighing the choices and facts, especially in light of Petitioner's experience testifying in his first trial. Accordingly, the PCR court's decision was not contrary to, nor an unreasonable application of, clearly established federal law. Further, it was not based upon an unreasonable determination of facts in light of the state court record. As a result, Ground Eight should be dismissed.

       i.     Ground Nine: Trial court was in violation of Petitioner's 5th, 14th Amendment when It Permitted the Solicitor to Argue Improperly on Closing Toward Defense Counsel Representation

In Ground Nine, Petitioner asserts the trial court violated the Fifth and Fourteenth Amendments when it allowed the solicitor to argue that the job of a defense attorney was

to muddy the water during closing arguments. At trial, the solicitor made the following argument:

> You know, there's an old joke amongst lawyers. And it's a joke about a lawyer and a preacher. And the two of them are walking down the sidewalk one day and they saw a puddle of water.
> . . . .
> They were walking down the street, down the sidewalk. And they looked over and there was a puddle of water next to the sidewalk. And they looked down into it and it was clear. And as the preacher looked down into the puddle of water he saw a silver dollar. And he goes, "Look, there's a silver dollar." And the attorney, the lawyer, picked up a stick and he stirred up the waters and it became cloudy. And he said, "What are you talking about? There's no silver dollar." And ladies and gentlemen, I submit that is exactly what the defense is trying to do, to divert your attention from the facts, from the overwhelming facts in this case to try and lead you to believe that there is reasonable doubt.

App. 724–25. On appeal, the South Carolina Court of Appeals found that the trial court did not abuse its discretion in allowing the solicitor to use this story during closing arguments.

When examining claims pertaining to improper comments by a solicitor, "[t]he relevant question is whether the prosecutors' comments 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" *Darden v. Wainwright*, 477 U.S. 168, 181, (1986) (*quoting Donnelly v. DeChristoforo*, 416 U.S. 637 (1974)). However, the *Darden* Court noted that "it is not enough that the remarks were undesirable or even universally condemned." *Id.* (internal quotation omitted). Having reviewed the record and considered the weight of the evidence and the extent of these comments, the court finds that the solicitor's comments did not render Petitioner's trial fundamentally unfair. The anecdote used by the Solicitor did not draw upon the

passions and prejudices of the jury, but was responsive to defense counsel's arguments in closing to encourage the jury to not be distracted from the evidence of guilt. In viewing the comments in the context of the entire trial, the Court of Appeals was reasonable in finding the trial court did not abuse its discretion in allowing the comments during closing arguments. Petitioner has failed to establish that there is a reasonable probability that the result of the proceeding would have been different if trial counsel had preserved these objections. *Strickland*, 466 U.S. at 694. Therefore, Petitioner cannot establish that trial counsel was constitutionally ineffective in failing to preserve his objections during closing arguments. Moreover, Petitioner has not shown that the state court's analysis of this issue misapplied clearly established federal law or, even if there was an error, that it was unreasonable. *See Williams v. Taylor*, 529 U.S. at 410. Based on the foregoing, Petitioner is not entitled to federal habeas relief on Ground Nine.

          j.        Ground Ten: Trial court was in violation of Petitioner's 14th Amendment when it denied his Batson motion

In Ground Ten, Petitioner asserted the trial court violated his 14th Amendment rights when it denied his *Batson* motion regarding Juror Perry, an African-American male. The State explained he was struck because he had DUI and DUS convictions. App. 78. When asked if any other jurors that were in the jury venire had convictions, the solicitor indicated that two who were dismissed because they could not be impartial also had prior convictions. App. 80–81. The only other potential juror with a conviction who was not struck was Juror Krause, who had a 1989 bad check charge. *Id.* The solicitor explained that he was not struck by the State because the solicitor did not strike jurors for

that alone unless it was coupled with another offense. *Id.* Defense counsel argued the explanation was pretextual because two individuals with criminal records were treated differently by the State during the selection process. App. 82. The trial court disagreed and found no pattern of racial discrimination in jury selection. App. 82–83.

On appeal, the South Carolina Court of Appeals agreed with the trial court that the reason proffered by the State for the strike of Juror Perry was not inherently discriminatory, and therefore race neutral. App. 1252. The Court of Appeals noted that four black jurors and a black alternate were selected, and a white juror with no criminal record was struck. *Id.* Under those circumstances, the Court of Appeals saw no improper motive. Further, the Court of Appeals noted that the State confirmed Juror Perry had a DUI second offense, which would have been prosecuted by the solicitor's office. App. 1252. That would have been enough to warrant the juror's dismissal. *Id.*

Petitioner fails to show that the South Carolina Court of Appeals unreasonably applied federal law in finding the trial court did not err in handling the *Batson* issue. The Court of Appeals determined that the trial court correctly found that the defense was unable to establish that the State's strikes were the result of purposeful racial discrimination. App. 1251–52. Further, the remainder of the jury selection process supported a finding that there was no discriminatory intent. The State did not use all of its peremptory strikes, and the jury included four black members, including the alternate. Because it is clear that the trial court properly applied federal law to Petitioner's *Batson* claim at trial, and the South Carolina Court of Appeals affirmed the trial court on that basis, Petitioner has failed to establish that a state court unreasonably applied federal law

in addressing this claim. Further, Petitioner fails to show that either the trial court or the South Carolina Court of Appeals made an unreasonable determination of the facts in addressing the *Batson* issue. As a result, Ground Ten should be dismissed.

III.    Conclusion

For the foregoing reasons, the court recommends that Respondent's motion for summary judgment be granted.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

August 3, 2010                                  Shiva V. Hodges
Florence, South Carolina                  United States Magistrate Judge

**The parties are directed to note the important information in the attached**
**"Notice of Right to File Objections to Report and Recommendation."**